IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ALPHA DELTA PI SORORITY,<br>a Georgia corporation, | )<br>)<br>) |
| ALPHA OMICRON PI FRATERNITY, INC.,<br>a Tennessee corporation; | )  Case No. _____<br>) |
| CHI OMEGA FRATERNITY,<br>an Ohio corporation; | )<br>)<br>) |
| DELTA DELTA DELTA,<br>an Illinois corporation; | )<br>)<br>) |
| DELTA PHI EPSILON, INC.,<br>a New York corporation; | )<br>)<br>) |
| PHI BETA SIGMA FRATERNITY INC.,<br>a District of Columbia corporation; | )<br>)<br>) |
| PHI MU FRATERNITY,<br>a Georgia corporation | )<br>)<br>) |
| SIGMA CHI CORPORATION,<br>an Illinois corporation; | )<br>)<br>) |
| SIGMA KAPPA SORORITY,<br>a Maine corporation; | )<br>)<br>) |
| ZETA TAU ALPHA SORORITY<br>Doing business as<br>ZETA TAU ALPHA FRATERNITY,<br>a Virginia corporation; | )<br>)<br>)<br>)<br>) |
| PLAINTIFFS | )<br>) |
| v. | )<br>) |
| GREEK UNIQUE, INC.,<br>a Florida corporation; | )<br>)<br>)<br>) |

PHYLLIS Z. GRAE,                    )
an individual                      )
                                   )
L. ROSE, INC.,                     )
a Florida corporation              )
                                   )
LANNY ROSE,                        )
an individual                      )
                                   )
                    DEFENDANTS.  )
_____)

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION SEEKING DAMAGES AND INJUNCTIVE RELIEF WITH DEMAND FOR JURY TRIAL

The Plaintiffs, hereinafter collectively referred to as the "Greek Organizations," bring this Complaint against Defendants Greek Unique Inc., Phyllis Z. Grae, L. Rose, Inc., and Lanny Rose.  Said Defendants are hereinafter sometimes collectively referred to as "Unauthorized Vendors".

For their Complaint, the Greek Organizations state as follows:

### NATURE OF THE ACTION

1.     This is an action brought pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*) and the common law to enjoin trademark infringement and unfair competition, and to recover damages and an accounting of Defendants' profits associated with said offending activities, among other forms of relief.

### JURISDICTION AND VENUE

2.     This Court has original jurisdiction to adjudicate the Lanham Act claims in pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1121 and 1338, and pendent jurisdiction to

adjudicate the common law unfair competition claims associated therewith pursuant to 28 U.S.C. § 1338.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants do business nationwide, including in Florida and in this District.

## THE PARTIES GENERALLY

4.      The Plaintiff Greek Organizations are various collegiate fraternal organizations, commonly referred to as fraternities and sororities, namely Alpha Delta Pi, Alpha Omicron Pi Fraternity, Inc., Chi Omega Fraternity, Delta Delta Delta, Delta Phi Epsilon, Inc, Phi Beta Sigma Fraternity Inc., Phi Mu Fraternity, Sigma Chi Corporation, Sigma Kappa, and Zeta Tau Alpha Fraternity.

5.      Defendant Greek Unique, Inc. is a Florida corporation with a principal place of business located at 5025 East Fowler Avenue, #17, Tampa, Florida 33617.   Greek Unique is in the business of producing and distributing various types of novelty items and other articles adorned with the marks and insignia of various of the Plaintiff Greek Organizations.

6.      Defendant Phyllis Z. Grae, an individual, is the president of Greek Unique, Inc.  She resides at 8141 Aquila Street, #312, Port Richey, Florida, 34668.

7.      Defendant L. Rose, Inc. is a Florida corporation. Said Defendant, hereinafter referred to as "L. Rose," has its principal place of business located at 5210 Northeast 31st Avenue, Fort Lauderdale, Florida 33308.  L. Rose is in the business of

producing and distributing various types of clothing, novelty items and other articles adorned with the marks and insignia of various of the Plaintiff Greek Organizations.

8.      Defendant Lanny Rose, an individual, is the president of L. Rose, Inc. He resides at 5210 NE 31st Avenue, Fort Lauderdale, Florida 33308.

## ALPHA DELTA PI

9.      Alpha Delta Pi is a Georgia corporation, also known as AΔΠ. It is a fraternal organization for women, often referred to as a sorority.  Its principal office is located at 1386 Ponce de Leon Avenue Northeast, Dekalb, Atlanta, Georgia 30306.

10.      Alpha Delta Pi was founded at Georgia Female College in Macon, Georgia, in 1851, and now has approximately 155 active chapters located at various colleges and universities and has initiated over 220,000 members since its foundation.

11.      Alpha Delta Pi owns and uses various distinctive marks and insignia to represent membership in the sorority and maintains a merchandising program to oversee the production, distribution and sale of assorted items bearing its marks and insignia.

12.      Alpha Delta Pi is the owner of valid registrations on the principal register of the United States Patent and Trademark Office (the "PTO") of various of its marks and insignia, including:

(a)      Registration No. 1,375,041 issued on December 10, 1985 and Registration No. 1,356,590 issued on August 27, 1985 of the word mark ALPHA DELTA PI;

(b)      Registration No. 1,455,179 issued on September 1, 1987 and Registration No. 570,833 issued on February 17, 1953 of its Greek letter insignia AΔΠ;

(c)     Registration No. 4,108,733 issued on March 6, 2012 of a graphic design consisting of the following:



(d)     Registration No. 2,782,678 issued on November 11, 2003 of a graphic design consisting of the following:



(e)     Registration No. 1,395,605 issued on June 3, 1986 and Registration No. 1,361,009 issued on September 17, 1985 and Registration No. 1,503,013 issued on September 6, 1988 of a graphic design consisting of the following:



(f)    Registration No. 1,362,409 issued on September 24, 1985 of a graphic design consisting of the following:



### ALPHA OMICRON PI

13.    Alpha Omicron Pi is a Tennessee corporation, also known as AOPi. It is a fraternal organization for women, often referred to as a sorority. Its principal office is located at P.O. Box 395, 5390 Virginia Way, Brentwood, Tennessee 37024-0395.

14.    Alpha Omicron Pi was founded at Barnard College of Columbia in 1897, and now has approximately 178 chapters located at various colleges and universities with a current active membership of approximately 7,200 students, and also has approximately 320 alumni chapters. There are approximately 122,200 living AOPi's.

15.    Alpha Omicron Pi owns and uses various distinctive marks and insignia to represent membership in the sorority and maintains a merchandising program to oversee the production, distribution and sale of assorted items bearing its marks and insignia.

16.    Alpha Omicron Pi is the owner of valid registrations on the principal register of the PTO of various of its marks and insignia, including:

(a)     Registration No. 563,192 issued on August 19, 1952 of the word mark ALPHA OMICRON PI;

(b)     Registration No. 293,869 issued on May 10, 1932 of its Greek letter insignia AOΠ;

(c)     Registration No. 1,699,655 issued on April 14, 1992 of a graphic design consisting of the following:



(d)     Registration No. 1,808,245 issued on November 30, 1993 of a graphic design consisting of the following:



(e)     Registration No. 911,613 issued on May 4, 1971 of a graphic design consisting of the following:



     (f)     Registration No. 565,396 issued on October 14, 1952 of a graphic design consisting of the following:



## CHI OMEGA

17.     Chi Omega Fraternity is an Ohio corporation, also known as Chi O.  It is a fraternal organization for women, often referred to as a sorority. Its principal office is located at 3395 Players Club Parkway, Memphis, Tennessee 38125.

18.     Chi Omega was founded in 1895 at The University of Arkansas and now has approximately 170 chapters located at various colleges and universities with a current active membership of approximately 16,000 students. There are approximately 201,000 living Chi Omegas.

8

19.     Chi Omega owns and uses various distinctive marks and insignia to represent membership in the sorority and maintains a merchandising program to oversee the production, distribution and sale of assorted items bearing its marks and insignia.

20.     Chi Omega is the owner of valid registrations on the principal register of the PTO of various of its marks and insignia, including:

(a)     Registration No. 1,359,187 issued on September 10, 1985 and Registration No. 1,375,043 issued on December 10, 1985 of the word mark, CHI OMEGA;

(b)     Registration No. 1,362,416 issued on September 24, 1985 and Registration No. 1,361,759 issued on September 24, 1985 of its Greek letter insignia, XΩ;

(c)     Registration No. 1,378,500 issued on January 14, 1986 of a graphic design consisting of the following:



(d)     Registration No. 1,375,765 issued on December 17, 1985 of a graphic design consisting of the following:



(e)     Registration No. 1,559,754 issued on October 10, 1989 of a graphic design consisting of the following:



## DELTA DELTA DELTA

21.     Delta Delta Delta is an Illinois corporation also known as Tri-Delta. It is a fraternal organization for women, often referred to as a sorority. Its principal office is located at 2331 Brookhollow Plaza Drive, P.O. Box 5987, Arlington, Texas 76005-5987.

22.     Delta Delta Delta was founded at Boston University in 1888, and now has approximately 135 chapters located at various colleges and universities with a current active membership of approximately 12,300 students, and Tri-Delta also has approximately 350 alumni chapters. There are approximately 130,000 living Tri-Deltas.

23.     Delta Delta Delta owns and uses various distinctive marks and insignia to represent membership in the sorority and maintains a merchandising program to oversee the production, distribution and sale of assorted items bearing its marks and insignia.

24.     Delta Delta Delta is the owner of valid registrations on the principal register of the PTO of various of its marks and insignia, including:

(a)     Registration No. 694,711 issued on March 15, 1960 of the word mark, DELTA DELTA DELTA;

(b)     Registration No. 739,179 issued on October 9, 1962 of the word mark, TRI DELTA;

(c)     Registration No. 223,230 issued on January 25, 1927 of a stylized mark consisting of its Greek letter insignia ΔΔΔ;

(d)     Registration No. 852,339 issued on July 9, 1968 of a graphic design consisting of the following:



(e)     Registration No. 687,720 issued on November 3, 1959 of a graphic design consisting of the following:



(f)     Registration No. 687,408 issued on October 27, 1959 of a graphic design consisting of the following:



## DELTA PHI EPSILON

25.     Delta Phi Epsilon, Inc., is a New York corporation also known as D Phi E. It is a fraternal organization for women, often referred to as a sorority. Its principal office is located at 251 S. Camac Street, Philadelphia, Pennsylvania 19107.

26.     Delta Phi Epsilon was founded in 1917 at the New York University Law School in New York City, and now has approximately 78 chapters located at various colleges and universities with a current active membership of approximately 3,500 students. There are approximately 30,000 living Delta Phi Epsilons.

27.     Delta Phi Epsilon owns and uses various distinctive marks and insignia to represent membership in the sorority and maintains a merchandising program to oversee the production, distribution and sale of assorted items bearing its marks and insignia.

28.     Delta Phi Epsilon is the owner of valid registrations on the principal register of the PTO of various of its marks and insignia, including:

        (a)     Registration No. 3,138,627 issued on September 5, 2006 and Registration No. 3,150,790 issued on October 3, 2006 of the word mark DELTA PHI EPSILON;

(b)     Registration No. 3,200,908 issued on January 23, 2007 of the Delta Phi Epsilon nickname D PHI E;

(c)     Registration No. 3,138,621 issued on September 5, 2006 and Registration No. 3,167,934 issued on November 7, 2006 of its Greek letter insignia ΔΦΕ;

(d)     Registration No. 3,210,422 issued on February 20, 2007 and Registration No. 3,221,555 issued on March 27, 2007 of a graphic design consisting of the following:



(e)     Registration No. 3,153,507 issued on October 10, 2006 and Registration No. 3,214,951 issued on March 6, 2007 of a graphic design consisting of the following:



## PHI BETA SIGMA

29.     Phi Beta Sigma Fraternity Inc. is a District of Columbia corporation. It is a fraternity with its principal office located at 145 Kennedy Street, NW, Washington, DC 20011.

30.     Phi Beta Sigma was founded in 1914 at Howard University in Washington D.C., and now has approximately 650 chapters located at various colleges and universities and approximately 100 alumni chapters. There have been approximately 200,000 members of Phi Beta Sigma.

31.     Phi Beta Sigma owns and uses various distinctive marks and insignia to represent membership in the fraternity and maintains a merchandising program to oversee the production, distribution and sale of assorted items bearing its marks and insignia.

32.     Phi Beta Sigma is the owner of valid registrations on the principal register of the PTO of various of its marks and insignia, including:

(a)     Registration No. 3,188,467 issued on December 26, 2006 of the word mark, PHI BETA SIGMA FRATERNITY, INC.;

(b)     Registration No. 4,782,839 issued on July 28, 2015 of its Greek letter insignia, ΦΒΣ; and

(c)     Registration No. 3,295,987 issued on September 25, 2007 of a graphic design consisting of the following:

14



**PHI MU**

33.    Phi Mu Fraternity is a Georgia corporation also known as Phi Mu. It is a fraternal organization for women, often referred to as a sorority. Its principal office is located at 400 Westpark Drive, Peachtree City, Georgia 30269.

34.    Phi Mu was founded in 1852 at Wesleyan College in Macon, Georgia, and now has approximately 247 chapters located at various colleges and universities.   The sorority has a total initiated membership of approximately 175,000.

35.    Phi Mu owns and uses various distinctive marks and insignia to represent membership in the fraternity and maintains a merchandising program to oversee the production, distribution and sale of assorted items bearing its marks and insignia.

36.    Phi Mu is the owner of valid registrations on the principal register of the PTO of various of its marks and insignia, including:

(a)    Registration No. 2,444,221 issued on April 17, 2001 and Registration No. 3,173,845 issued on November 21, 2006 and Registration No. 1191440 issued on March 2, 1982 of the word mark, PHI MU;

(b)    Registration No. 2,426,777 issued on February 6, 2001, Registration No. 1,205,836 issued on August 17, 1982 of its Greek letter insignia ΦM;

15

(c)     Registration No. 2,529,054 issued on January 15, 2002 of a graphic design consisting of the following:



(d)     Registration No. 2,431,325 issued on February 27, 2001 of a graphic design consisting of the following: and



(e)     Registration No. 641,552 issued on February 12, 1957 of a graphic design consisting of the following:



16

## SIGMA CHI

37.     Sigma Chi Corporation is an Illinois corporation.  Sigma Chi, also known as "Sig," is a fraternity with its principal office located at 1714 Hinman Avenue, Evanston, Illinois 60201.

38.     Sigma Chi was founded in 1855 at Miami University in Oxford, Ohio and now has approximately 220 chapters located at various colleges and universities with a current active membership of approximately 10,600 students. There are also approximately 145 alumni chapters and approximately 208,000 living Sigma Chis.

39.     Sigma Chi owns and uses various distinctive marks and insignia to represent membership in the fraternity and maintains a merchandising program to oversee the production, distribution and sale of assorted items bearing its marks and insignia.

40.     Sigma Chi is the owner of valid registrations on the principal register of the PTO of various of its marks and insignia, including:

(a)     Registration No. 1,167,884 issued on September 1, 1981 of the word mark, SIGMA CHI;

(b)     Registration No. 218,796 issued on October 5, 1926 and Registration No. 1,152,026 issued on April 21, 1981 of its Greek letter insignia, $\Sigma X$;

(c)     Registration No. 566,397 issued on November 4, 1952 of a graphic

design consisting of the following:



(d)     Registration No. 564,224 issued on September 16, 1952 of a graphic

design consisting of the following:



(e)     Registration No. 1,152,027 issued on April 21, 1981 of a graphic

design consisting of the following:



(f)     Registration No. 566,396 issued on November 4, 1952 of a graphic design consisting of the following:



## SIGMA KAPPA

41.     Sigma Kappa is a Maine corporation.  It is a fraternal organization for women, often referred to as a sorority. Its principal office located at 695 Pro-Med Lane, Suite 300, Carmel, Indiana 46032.

42.     Sigma Kappa was founded in 1874 at Colby College in Waterville, Maine and now has approximately 307 active collegiate and alumnae chapters in the United States.  Since its founding, Sigma Kappa has initiated more than 160,000 women.

43.     Sigma Kappa owns and uses various distinctive marks and insignia to represent membership in the sorority and maintains a merchandising program to oversee the production, distribution and sale of assorted items bearing its marks and insignia.

44.     Sigma Kappa is the owner of valid registrations on the principal register of the PTO of various of its marks and insignia, including:

(a)     Registration No. 2,543,009 issued on February 26, 2002 of the word mark, SIGMA KAPPA;

(b)     Registration No. 244,810 issued on July 31, 1928 and Registration

No. 2,372,119 issued on August 1, 2000 of its Greek letter insignia, ΣK;

(c)     Registration No. 746,764 issued on March 12, 1963 and Registration

No. 2,374,375 issued on August 8, 2000 of a graphic design consisting of the following:



(d)     Registration No. 738,030 issued on September 18, 1962 of a graphic

design consisting of the following:



(e)     Registration No. 2,365,788 issued on July 11, 2000 of a similar

graphic design consisting of the following:



(f)     Registration No. 2,901,086 issued November 9, 2004 of a graphic design consisting of the following:



(g)     Registration No. 738,029 issued on September 18, 1962 of a graphic design consisting of the following:



21

## ZETA TAU ALPHA

45.     Zeta Tau Alpha Fraternity is a Virginia corporation.   It is a fraternal organization for women, often referred to as a sorority. Its principal office is located at 3450 Founders Road, Indianapolis, Indiana 46268.

46.     Zeta Tau Alpha was founded in 1898 at Longwood University and now has 169 active collegiate chapters located at various colleges and universities and 238 active alumnae chapters.   Since its founding, Zeta Tau Alpha has more than 245,000 initiated members.

47.     Zeta Tau Alpha owns and uses various distinctive marks and insignia to represent membership in the fraternity and maintains a merchandising program to oversee the production, distribution and sale of assorted items bearing its marks and insignia.

48.     Zeta Tau Alpha is the owner of valid registrations on the principal register of the PTO of various of its marks and insignia, including:

(a)     Registration No. 2,651,416 issued on November 19, 2002 of the word mark, ZETA TAU ALPHA;

(b)     Registration No. 2,522,556 issued on December 25, 2001 of its Greek letter insignia, ZTA;

(c)     Registration No. 3,801,892 issued on June 15, 2010 of the word mark, ZETA;

(d)     Registration No. 4,114,759 issued on March 20, 2012 of the word mark, THINK PINK THINK ZETA;

(e)     Registration No. 4,251,949 issued on December 4, 2012 and Registration No. 2,809,724 issued February 3, 2004 of the word mark, THINK PINK; and

(f)     Registration No. 4,320,958 issued April 16, 2013 of the word mark TAKE CHARGE. THINK PINK.

(g)     Registration No. 3,421,684 issued on May 6, 2008 of a graphic design consisting of the following:



(h)     Registration No. 4,777,106 issued on July 21, 2015 of a graphic design consisting of the following:



## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

49. Through the years, considerable goodwill has inured to the benefit of Plaintiffs symbolized by their marks and insignia resulting from the reputations of the respective Greek Organizations, the quality of the services provided to their respective members, the goods and services of their licensed vendors, and successful promotional efforts.

50. Each of the Greek Organizations have extensive formalized licensing programs through which they arrange for acceptable vendors to produce and market affinity merchandise bearing the marks and insignia of the respective Greek Organizations.

51. In association with said licensing programs, the Greek Organizations retain the right to, and do exercise control over the quality of said licensed merchandise.

52. In association with said licensing programs, the Plaintiff Greek Organizations have entered into licensing agreements with wide assortments of vendors whereby such licensed vendors are permitted to advertise and sell merchandise bearing marks owned by the respective Plaintiffs, including the marks described above. Such licensed merchandise is currently, and at all times pertinent to this Complaint has been, offered for sale throughout the United States, including in the State of Florida.

53. Said licensing programs are regularly advertised to the members of the Greek Organizations.

## OFFENDING ACTIVITIES OF DEFENDANT GREEK UNIQUE

54.     Defendant Greek Unique has not entered into License Agreements with any of the other Plaintiff Greek Organizations.

55.     Defendant Greek Unique offers for sale, produces, and distributes throughout the United States, including in the State of Florida, merchandise bearing various of the marks and insignia of the Plaintiff Greek Organizations.

56.     Said activities are without the consent of the Plaintiff Greek Organizations. Said unauthorized sales are hereinafter sometimes referred to as "Offending Activities."

57.     Representatives of the Plaintiff Greek Organizations have repeatedly directed Defendant Greek Unique to cease and desist from any continuation of the Offending Activities absent entry into licensing arrangements allowing same.

58.     Defendant Greek Unique has refused to become a licensed vendor, all the while persisting with the Offending Activities.

59.     The Offending Activities constitute an intentional, willful and wanton disregard of the Plaintiffs' rights and property interests.

60.     Unless the Offending Activities are enjoined, Plaintiffs will suffer irreparable injury for which there is no adequate remedy at law.

## OFFENDING ACTIVITIES OF DEFENDANT PHYLLIS Z. GRAE

61.     At all times pertinent to this Complaint, Defendant Phyllis Z. Grae has had the right and ability to supervise the actions of Defendant, Greek Unique, complained of in each of the Counts brought herein and actually directed, controlled, and participated in

25

as the moving force behind the actions complained of and has direct financial interest in the proceeds of same.

62.     Grae has knowingly failed to prevent the actions complained of in each of the Counts brought herein and her knowing failure to do so has resulted in her direct financial benefit from the complained of actions.

63.     Grae participated in, knew of, planned, and approved the actions of Defendant Greek Unique complained of in each of the counts brought herein.

64.     Defendant Grae, through her business Greek Unique, offers for sale, produces and distributes throughout the United States, including in the State of Florida, merchandise bearing various of the marks and insignia of the Plaintiff Greek Organizations.

65.     Said activities are without the consent of the Plaintiff Greek Organizations. Said unauthorized sales are hereinafter sometimes referred to as "Offending Activities."

66.     Representatives of the Plaintiff Greek Organizations have repeatedly directed Defendant Phyllis Grae to cease and desist from any continuation of the Offending Activities absent entry into licensing arrangements allowing same.

67.     Defendant Phyllis Grae refuses to enter into a license agreement on behalf of Greek Unique in order for the business to become a licensed vendor, all the while persisting with the Offending Activities.

68.     The Offending Activities constitute an intentional, willful and wanton disregard of the Plaintiffs' rights and property interests.

69.     Unless the Offending Activities are enjoined, Plaintiffs will suffer irreparable injury for which there is no adequate remedy at law.

## OFFENDING ACTIVITIES OF DEFENDANT L. ROSE

70.     Although proceeding with claims against the other Defendants, Greek Unique and Phyllis Grae, Phi Beta Sigma makes no claims in this litigation against Defendant L. Rose.

71.     Defendant L. Rose has not entered into License Agreements with the Plaintiff Greek Organizations.

72.     Based upon information and belief, Defendant L. Rose offers for sale, produces and distributes throughout the United States, including in the State of Florida and specifically in this District, merchandise bearing various of the marks and insignia of the Plaintiff Greek Organizations.

73.     Said activities are without the consent of the Plaintiff Greek Organizations. Said unauthorized sales are hereinafter sometimes referred to as "Offending Activities."

74.     Representatives of the Plaintiff Greek Organizations have repeatedly directed Defendant L. Rose to cease and desist from any continuation of the Offending Activities absent entry into licensing arrangements allowing same.

75.     Defendant L. Rose has refused to become a licensed vendor, all the while persisting with the Offending Activities.

76.     The Offending Activities constitute an intentional, willful and wanton disregard of the Plaintiffs' rights and property interests.

77.     Unless the Offending Activities are enjoined, Plaintiffs will suffer irreparable injury for which there is no adequate remedy at law.

27

## OFFENDING ACTIVITIES OF DEFENDANT LANNY ROSE

78.     Although proceeding with claims against the other Defendants, Greek Unique and Phyllis Grae, Phi Beta Sigma makes no claims in this litigation against Defendant Lanny Rose.

79.     At all times pertinent to this Complaint, Defendant Lanny Rose has had the right and ability to supervise the actions of Defendant, L. Rose, complained of in each of the Counts brought herein and actually directed, controlled, and participated in as the moving force behind the actions complained of and has direct financial interest in the proceeds of same.

80.     Defendant Lanny Rose has knowingly failed to prevent the actions complained of in each of the Counts brought herein and his knowing failure to do so has resulted in his direct financial benefit from the complained of actions.

81.     Defendant Lanny Rose participated in, knew of, planned, and approved the actions complained of in each of the counts brought herein.

82.     Defendant Lanny Rose, through his business L. Rose Inc., offers for sale, produces and distributes throughout the United States, including in the State of Florida and specifically in this District, merchandise bearing various of the marks and insignia of the Plaintiff Greek Organizations.

83.     Said activities are without the consent of the Plaintiff Greek Organizations. Said unauthorized sales are hereinafter sometimes referred to as "Offending Activities."

84.     Representatives of the Plaintiff Greek Organizations have repeatedly directed Defendant Lanny Rose to cease and desist from any continuation of the Offending Activities absent entry into licensing arrangements allowing same.

85.     Defendant Lanny Rose refuses to enter into a license agreement on behalf of L. Rose in order for the business to become a licensed vendor, all the while persisting with the Offending Activities.

86.     The Offending Activities constitute an intentional, willful and wanton disregard of the Plaintiffs' rights and property interests.

87.     Unless the Offending Activities are enjoined, Plaintiffs will suffer irreparable injury for which there is no adequate remedy at law.

**COUNT ONE**
**FEDERAL TRADEMARK INFRINGEMENT**

88.     The Greek Organizations hereby incorporate Paragraphs 1-87 into this Count by reference.

89.     The Offending Activities of Defendants constitute the use in commerce in connection with the sale, offering for sale, or advertising of goods of reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' registered marks in connection with the sale, offering for sale, or advertising of goods, which are likely to cause confusion, or to cause mistake, or to deceive.

90.     Because the Offending Activities involve utilization of exact or virtually identical replications of the Greek Organizations' insignia, and because the offending

merchandise is even marketed as containing the Plaintiffs' insignia, a resulting likelihood of confusion is inevitable.

91.     Said Offending Activities of Defendants constitute a violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

## COUNT TWO
## FEDERAL UNFAIR COMPETITION

92.     The Greek Organizations hereby incorporate Paragraphs 1-87 into this Count by reference.

93.     The Offending Activities of Defendants, in using both registered and unregistered marks of the Plaintiff Greek Organizations, constitute false designations, descriptions, and representations used in commerce tending to cause confusion, mistake, or deception or to otherwise create the false impression that Defendants are affiliated with, sponsored by, or approved by Plaintiffs.

94.     Because the Offending Activities involve utilization of exact or virtually identical replications of the Greek Organizations' insignia, and because the offending merchandise is even marketed as containing the Plaintiffs' insignia, a resulting likelihood of confusion is inevitable.

95.     Said Offending Activities of Defendants constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT THREE
## COMMON LAW UNFAIR COMPETITION

96.     The Greek Organizations hereby incorporate Paragraphs 1-87 into this Count by reference.

97.     Defendants' Offending Activities likely cause and will likely continue to cause confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods and will likely cause persons to mistakenly believe that Defendants are affiliated, connected, or associated with Plaintiffs.

98.     Because the Offending Activities involve utilization of exact or virtually identical replications of the Greek Organizations' insignia, and because the offending merchandise is even marketed as containing the Plaintiffs' insignia, a resulting likelihood of confusion is inevitable.

99.     Plaintiffs have been and, unless the actions of Defendants are enjoined, will likely continue to be damaged by Defendants' Offending Activities.

100.    Said Offending Activities constitute a violation of the common law of the State of Florida.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

A       An order temporarily, preliminarily and permanently enjoining Defendants, their respective officers, agents, servants, employees, and attorneys, and any other persons in active concert or participation with them, from the Offending Activities, and use of any other confusingly similar marks, designations, or indicia in association with any products;

31

B      An order requiring Defendants to take any other action reasonably necessary to prevent any false impression that Defendants' business or goods sold by Defendants are affiliated with, sponsored, or approved by Plaintiffs;

C      An award to Plaintiffs of their damages incurred as a result of Defendants' unauthorized use of their marks, including an accounting of Defendants' profits earned in association with said uses with prejudgment interest thereon;

D      Trebling of said award pursuant to 15 U.S.C. § 1117;

E      An award to Plaintiffs of punitive damages in an amount deemed appropriate by the finder of fact;

F      An award to Plaintiffs of interest on any judgment rendered in this action;

G      An assessment against Defendants of the costs of this action, including Plaintiffs' reasonable attorneys' fees; and

H      Any further relief to which Plaintiffs may appear entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.


Dineen Pashoukos Wasylik
Florida Bar No.0191620
DPW Legal
2244 Green Hedges Way
Suite 101
Wesley Chapel, Florida 33544
Phone: (813) 778-5161
service@ip-appeals.com

Jack A. Wheat
(*pro hac vice* pending)
McBRAYER McGINNIS LESLIE &
KIRKLAND, PLLC
9300 Shelbyville Road
Suite 110
Louisville, Kentucky 40222
(502) 327-5400 telephone
(502) 327-5444 facsimile
e-mail: jwheat@mmlk.com

*Counsel for Plaintiffs*

4815-6303-5976, v. 1

33